UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

-v-                                                                         No. 10 CR 905-25 LTS

RICHARD JIMENEZ-PEREZ,

       Defendants.

-------------------------------------------------------x

<u>SEALED ORDER</u>

       Defendant was sentenced on September 6, 2013. The documents filed in this case remain under seal to protect Defendant's safety.

       The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.1995) ("Amodeo II"). Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).

       In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right. U.S. v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014). Determining whether the First

Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." Id. (quoting Lugosch, 435 F.3d at 120.) If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Erie, 763 F.3d at 239 (internal modifications omitted).

Counsel for the Government and Defendant are directed to confer and advise the Court whether the danger to Defendant has abated enough to permit the unsealing of any documents and, if so, which documents. The parties are directed to file a status report with the Court on December 1 and June 1 of every subsequent year advising the Court as to whether and to what degree documents relating to this case should remain under seal in light of the considerations discussed above. The Government must continue to file such status reports until the case is no longer under seal or the Court directs otherwise.

SO ORDERED.

Dated: New York, New York
November 6, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

CC:
Brandon Thompson, Assistant United States Attorney (by email: brandon.thompson@usdoj.gov)
M. Suzette Rivera, Counsel for Defendant (by email: msrivera@msrlaw.net)